**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Quenta Parker

    **v.**　　　　　　　　　　　　　　　　　Case No. 10-cv-64-PB
　　　　　　　　　　　　　　　　　　　　　　Opinion No. 2010 DNH 137

United States of America


### MEMORANDUM AND ORDER

Quenta Parker, proceeding pro se, seeks relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. I deny Parker's motion for the reasons set forth below.


### I.　BACKGROUND[1]

Parker was arrested, along with co-defendants Anthony Burnett and Juan Feliciano, on February 16, 2005, following the seizure of 550 grams of crack cocaine, several firearms, a safe, and a total of $5,750 in cash from defendants' hotel room.[2]  See

---

[1] The underlying facts are set forth in detail in the First Circuit opinion that rejected Parker's appeal, United States v. Parker, 549 F.3d 5 (1st Cir. 2008). I therefore repeat them here only to the extent that they are necessary to resolve Parker's present claims.

[2] The seizure of these items occurred pursuant to a lawfully executed search warrant. See Parker, 549 F.3d at 7.

United States v. Parker, 549 F.3d 5, 7 (1st Cir. 2008).  Parker was then indicted by a federal grand jury for conspiracy to distribute and to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846, possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a crime of drug trafficking under 18 U.S.C. § 924(c)(1)(A).  See id.; 21 U.S.C. § 846 (2006); 21 U.S.C. § 841(a)(1) (2006); 18 U.S.C. § 924(c)(1)(A) (2006).  The court appointed Richard Foley to represent Parker under the auspices of the Criminal Justice Act ("CJA").  On October 3, 2006, Parker pled guilty to all three counts after the court denied his request to suppress the physical evidence against him.  (Resp't's Objection to Pet'r's Mot., Doc. No. 4, at 3-4.)  The U.S. Probation Department then circulated a Revised Presentence Investigation Report ("PSI") that determined that Parker was in criminal history category I, and faced an advisory guideline sentencing range ("GSR") of 210 to 262 months.  (Id.)

   Foley later withdrew as Parker's defense counsel, and the court appointed Donald Kennedy as Parker's substitute CJA counsel at the sentencing stage.  Kennedy filed a sentencing memorandum

requesting that the court sentence Parker to 120 months for the two drug counts, followed by a consecutive sentence of 60 months for the firearm offense.  In support of his request, Kennedy cited Parker's lack of a criminal history, the sentencing disparity between Parker and the government cooperators, and the disparity between sentences for offenses involving crack versus powder cocaine.  (Resp't's Objection to Pet'r's Mot., Doc. No. 4, at 4.)  At Parker's sentencing on November 27, 2007, the parties stipulated to a three-level downward adjustment for acceptance of responsibility, and a two-level upward adjustment based upon Parker's role in the crime, yielding a new GSR of 135 to 168 months.  I sentenced Parker to concurrent sentences of 135 months on each of the drug counts and a consecutive sentence of 60 months on the gun count.[3]  See Parker, 549 F.3d at 7-8.  The First Circuit affirmed Parker's sentence on November 26, 2008.  See id.

---

[3] Both conspiracy to distribute cocaine and possession of with intent to distribute cocaine carry a mandatory minimum sentence of 120 months.  See 21 U.S.C. §§ 841(a)(1), 846. Possession of a firearm in furtherance of a crime of drug trafficking carries a mandatory minimum sentence of 60 months. See 18 U.S.C. § 924(c)(1)(A).

## II. **STANDARD OF REVIEW**

To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must show both "deficient performance by counsel and resulting prejudice." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)); see also Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (adopting the two-prong Strickland standard for claims of ineffective assistance of counsel on habeas review). In order to satisfy the "deficient performance" prong of this standard, a petitioner must prove that his trial counsel's representation fell below "an objective standard of reasonableness." Pina v. Maloney, 565 F.3d 48, 54-55 (1st Cir. 2009); Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007). To establish prejudice, a petitioner must demonstrate "that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different." Yeboa-Sefah v. Ficco, 556 F.3d 53, 70 (1st Cir. 2009), cert. denied, 130 S.Ct. 639 (2009). Although he need not show "that counsel's deficient conduct more likely than not altered the outcome of his sentencing proceeding, he must establish a probability sufficient to undermine confidence in

[that] outcome." Peralta, 597 F.3d at 79. The Constitution guarantees only an "effective defense, not necessarily a perfect defense or a successful defense." Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994).

### III. ANALYSIS

In support of his ineffective assistance of counsel claim, Parker argues primarily that (1) Kennedy failed to raise mitigating factors at his sentencing hearing, and (2) Kennedy failed to challenge the constitutional validity of 18 U.S.C. § 924(c), under which Parker was sentenced to an additional 60 months in prison. (See Pet'r's Mot. to Vacate Sentence, Doc. No. 1.) Parker also contends that the argument that Kennedy did advance at his sentencing--that Parker should not be subjected to a more lengthy sentence than his co-defendants--was "illogical, illegal, and fundamentally flawed," and that this argument should have been abandoned in favor of one based upon the disparity between sentences for crack and powder cocaine offenses. (See id. at 10-13.) The government objects and argues that Parker cannot meet either the cause or prejudice prong of the Strickland standard with regard to these claims.

### A. Alleged Failure to Raise Mitigating Factors

Parker alleges that Kennedy failed to raise mitigating factors at his sentencing hearing that would have warranted a shorter sentence. This argument fails for two reasons.

First, the record shows that Kennedy raised several mitigating factors in his sentencing memorandum, and also shows that the court carefully considered those factors. In that memorandum, Kennedy requested a statutory minimum sentence on the basis of two factors: Parker's history of drug addiction, and his lack of a criminal record. The court, however, while recognizing Parker's education, athletic prowess, employment history, and potential to be a productive member of society, noted that this was outweighed by Parker's threats and acts of violence and the magnitude of his offense. Parker has failed to identify any additional mitigating factors that might have prompted the court to conclude otherwise, and the PSI fails to raise any unusual mitigating factors that would have warranted a lesser sentence.

Second, even if Kennedy had failed to raise viable mitigating factors, the court is mindful of Strickland's "strong presumption that counsel's performance [fell] within a wide range

of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. In keeping with that presumption, "a lawyer's election not to present mitigating evidence is a tactical choice accorded a strong presumption of correctness which is virtually unchallengeable." Mills v. Singletary, 63 F.3d 999, 1024 (11th Cir. 1995). Thus, while the Supreme Court has found that counsel's performance fell below an objective standard of reasonableness where he failed to conduct an adequate investigation that would have revealed crucial mitigating evidence, the failure to present specific mitigating factors, without more, does not render counsel's assistance ineffective. See Wiggins v. Smith, 539 U.S. 510, 523 (2003); see also Dugas v. Coplan, 428 F.3d 317, 328 (1st Cir. 2005) (In determining whether counsel was competent, "[the court] focus[es] on whether the investigation supporting his pursuit of the defense was itself reasonable."); Dyer v. Calderon, 122 F.3d 720, 735 (9th Cir. 1997) ("We have never held that counsel has a duty to uncover every aspect of a defendant's past and to present all evidence that might bolster a defendant's mitigation case."); Laws v. Armontrout, 863 F.2d 1377, 1385 (8th Cir. 1988) (In "cases in which counsel was found ineffective for having failed to present

mitigating evidence, the key to the findings of ineffectiveness was not that mitigating evidence was not presented, but that counsel, as a result of inadequate preparation, had failed to discover the evidence . . . . [T]he absence of mitigating evidence does not inexorably lead to a conclusion of ineffective assistance of counsel."). Thus, Kennedy's alleged failure to raise certain mitigating factors, none of which Parker has actually identified, does not demonstrate that his performance was deficient. See Strickland, 466 U.S. at 687.[4]

### B. Alleged Failure to Address the 100:1 Crack to Powder Cocaine Ratio

Parker argues that Kennedy's deficient performance is additionally evidenced by his failure to challenge the federal sentencing guidelines' disparate treatment of offenses involving crack and powder cocaine. Under the so-called "100:1 ratio" of the guidelines, one unit of crack cocaine is treated as being on par with one hundred units of powder cocaine. Thus, for sentencing purposes, a defendant convicted of an offense

---

[4] Since Parker cannot demonstrate that Kennedy's performance was deficient, we need not consider whether he was prejudiced by Kennedy's allegedly deficient actions. See Malone v. Clarke, 536 F.3d 54, 64 (1st Cir. 2008) ("While [a plaintiff] must prove both prongs [of Strickland's two-prong test] to prevail, we have held that a reviewing court need not address both requirements if the evidence as to either is lacking.").

involving one unit of crack cocaine is subject to the same mandatory minimum sentence as a similarly situated defendant convicted of an offense involving one hundred times that amount of powder cocaine.  Parker alleges that Kennedy's failure to argue for a downward departure in Parker's sentence on the basis of this inequity demonstrates that his performance was objectively unreasonable.

Under Strickland, the reasonableness of counsel's conduct is evaluated by examining the governing legal standards at the time of that conduct.  See Strickland, 466 U.S. at 690.  In this case, the legal landscape at the time of Parker's sentencing makes clear that Kennedy's decision not to challenge the 100:1 ratio was entirely reasonable.  In United States v. Pho, which codified the legal standard at that time, the First Circuit held that courts do not have "free rein to reject, on a categorical basis, the 100:1 ratio embedded in both the statutory scheme and the sentencing guidelines."  433 F.3d 53, 59 (1st Cir. 2006).  Thus, while courts could depart from the sentencing guidelines "based on individual, case-specific considerations," such as a defendant's background, character, and conduct, they could not deviate from those guidelines solely because they determined that the comparably harsh treatment of crack cocaine offenses was

-9-

unfair.  See id. at 62 (reasoning that "the district court's categorical rejection of the 100:1 ratio impermissibly usurp[ed] Congress' judgment about the proper sentencing policy for cocaine offenses.").  Later, in Kimbrough v. United States, 552 U.S. 85 (2007), the Supreme Court abrogated Pho when it determined that courts could consider the disparity between the guidelines' treatment of crack cocaine and powder cocaine offenses in sentencing proceedings.  See id.  Kimbrough, however, was decided on December 10, 2007--one month after Parker's sentencing.  Any argument that the unfairness of the 100:1 ratio would warrant a downward departure from the sentencing guidelines would therefore have been futile at the time of Parker's November 11, 2007 sentencing hearing, and Kennedy's decision not to advance such an argument was entirely consistent with the relevant case law that existed at that time.[5]  See Pho, 433 F.3d at 59.  Kennedy's performance at Parker's sentencing hearing, therefore, was in no

---

[5] The government argues that Kennedy did address the inherent inequity of the 100:1 ratio when he invited the court to compare the guidelines range contained in Parker's PSI with the shorter, 108 to 135 month range suggested in the newly issued November 1, 2007 U.S. Sentencing Guidelines Manual.  (See Government's Objection to Pet'r's Mot., Doc. No. 4, at 21.) Regardless of whether Kennedy actually intended to challenge the unfairness of the crack to powder cocaine ratio, his efforts reinforce my determination that he was competent.

way deficient.  See Strickland, 466 U.S. at 690.

## C.   Illogical Disparity Between the Sentences of Co-Defendants

Parker further alleges that the argument that Kennedy did advance at his sentencing hearing--that Parker should not be subjected to a sentence disproportionately greater than that of his co-defendants--was fundamentally flawed.  This argument, however, is entirely consistent with the Sentencing Reform Act's requirement that the court consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" in determining what sentence is appropriate.  See 18 U.S.C. § 3553(a)(6).  Pursuant to that requirement, the First Circuit has noted that "gross disparities between co-defendants remain a permissible consideration in certain cases, even if it is not the primary goal of the statutory provision."  United States v. Cirilo-Munoz, 504 F.3d 106, 134 (1st Cir. 2007); see also United States v. Martin, 520 F.3d 87, 94 (1st Cir. 2008) ("[D]istrict courts have discretion, in appropriate cases, to align co-defendants' sentences somewhat in order to reflect comparable degrees of culpability--at least in those cases where disparities are conspicuous and threaten to undermine confidence in the criminal justice system.").

While I note that Parker was not "similarly situated" to his co-defendants, who chose to cooperate, Kennedy did not ignore this fact. See, e.g. United States v. Vasquez-Rivera, 470 F.3d 443, 449 (1st Cir. 2006) (citation omitted) ("[A] defendant who chooses to enter into a plea bargain is not similarly situated to a defendant who contests the charges."). Rather, Kennedy argued that the cooperation of Parker's co-conspirators was counterbalanced by their lengthy criminal records, whereas Parker was a first-time offender. Under Strickland, Kennedy's argument need not have been successful to have been "objectively reasonable." See Scarpa, 38 F.3d at 8. That the disparity between the sentences of Parker and his co-conspirators did not outweigh the seriousness of Parker's offense does not mean that Kennedy's performance was deficient.

### D. Failure to Challenge the Statutory Construction of 18 U.S.C. § 924(c)

Finally, Parker alleges that Kennedy was ineffective in failing to challenge the constitutionality of 18 U.S.C. § 924(c), under which he received a consecutive 60-month sentence for possession of a firearm in furtherance of a crime of drug trafficking. In his reply brief, Parker appears to argue that the statute is unconstitutionally vague because subsection

924(c)(1)(A), which exempts certain crimes from the 60-month mandatory minimum, is in conflict with Section 924(c)(1)(D)(ii), which specifies that sentences imposed under Section 924(c) may not be imposed concurrently with any other sentence.

Parker's argument fails because it is premised on a misreading of Section 924(c). Under the so-called "except clause" of Section 924(c)(1)(A), a 60-month mandatory minimum sentence for possession of a firearm in connection with a drug offense will be applied "in addition to" the sentence for the underlying offense, except where "a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(D)(ii), meanwhile, directs that "no term of imprisonment imposed on a person under this subsection shall run concurrently." 18 U.S.C. § 924(c)(1)(D)(ii). Parker argues in his reply brief that "924(c)[(1)](A) requires [that] a class of offenses be exempt from the consecutive requirement, while 924(c)[(1)](D) essentially ignores that classification by mandating [that] all offenses be subject to the consecutive sentence." (Pet'r's Reply to Resp't's Objection, Doc. No. 6, at 11.) The text of Section 924(c)(1)(D)(ii), however, does not support this interpretation. Subsection (c)(1)(D)(ii) only comes into play if a sentence is

imposed under Section 924(c) ("no term of imprisonment imposed under this subsection shall run concurrently" (emphasis added)). If a sentence is subject to the exception clause of Section 924(c)(1)(A), no sentence will be imposed under Section 924(c). Thus, the two provisions are not in conflict. Since Parker's argument is meritless, he cannot assert that Kennedy was "deficient" in failing to raise this argument at sentencing. See Strickland, 466 U.S. at 687.

## IV. CONCLUSION

For the foregoing reasons, I deny Parker's motion for relief under § 2255. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Habeas Corpus Cases Under Section 2254; First Cir. LR 22.0. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

August 13, 2010

cc: Quenta Parker, pro se
    Aixa Maldonado-Quinones, Esq.

-14-